

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES NICHOLS, | CASE NO. 11-4016 |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| CITY OF MITCHELL, | |
| Defendant. | |

**COMPLAINT**

COMES NOW, James Nichols, Plaintiff in the above styled cause, by and through his attorney, Steven D. Sandven, complaining of the City of Mitchell (hereinafter the "Defendant"), and for cause of action states as follows:

**INTRODUCTION**

1. This is a civil action alleging discrimination in employment, in violation of the Americans With Disabilities Act, (ADA), 42 U.S.C. §12101 *et seq.* and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621. Plaintiff alleges that he was discriminated against because of his age and disability, that his employer failed to accommodate his disability, and that he was ultimately discharged because of his disability.

2. S3406, the ADA Amendments Act of 2008 ("ADAAA"), passed by the 110th Congress is "An Act to restore the intent and protections of the Americans with Disabilities Act of 1990." The ADAAA expressly rejects the reasoning of and standards

enunciated in the U.S. Supreme Court's decision in <u>Toyota Motor Mfg., Kentucky Inc. v. Williams</u>, 534 U.S. 184 (2002) and <u>Sutton v. United Air Lines, Inc.</u> 527 U.S. 471 (1999). The ADAAA is applicable here.

3. Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, agents, employees and personnel agents or servants committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of Defendant's officers, agents, employees, and personnel agents or servants.

4. Plaintiff demands a jury trial on all issues triable by a jury.

## PARTIES

5. Plaintiff, James Nichols, (DOB 12/06/56) is an adult resident of the State of South Dakota, residing at 26255 409th Avenue, Ethan, South Dakota 57334.

6. Defendant is a City with its principal office located at 612 North Main Street, Mitchell, South Dakota 57301. Defendant is an "employer" as defined by 42 U.S.C. §12111(5), employing approximately 175 employees and 300 seasonal employees.

## JURISDICTION AND VENUE

7. Venue is proper in the District of South Dakota, under 28 U.S.C. §1391(b) since the substantial part of the events or omissions giving rise to this cause of action occurred in the District of South Dakota.

8. This Court has subject matter jurisdiction in this case pursuant to 28 U.S.C. §1331 since Plaintiff is bringing this claim pursuant to the Age Discrimination in

Employment Act, 29 U.S.C. § 621 *et seq.* and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

9. Jurisdiction in this court is proper pursuant to 42 U.S.C. §12117(a).

10. All conditions precedent to filing this cause of action have been satisfied.

## PROCEDURAL REQUISITES

11. Plaintiff timely filed a complaint alleging disability discrimination/failure to accommodate, with the U.S. Equal Employment Opportunity Commission ("EEOC"), Case No. 444-2010-00136.

12. On June 4, 2010, the EEOC issued a Determination in <u>James Nichols v. City of Mitchell</u>, Charge Number 444-2010-00136, where they concluded in part:

> The Respondent is an employer within the meaning of the ADA and requirements for coverage have been met. The charging party alleged that he was discriminated against when he was terminated from his position in February 2009, after failing to receive medical clearance to work … [t]he charging party was discriminated against in violation of the statute when he was terminated from employment based on his disability. The evidence further shows that the respondent's policy requiring drivers to obtain DOT certification is a violation of the ADA. The record also supports that the respondent has discriminated against a class of employees in its application of this policy. The respondent has additionally discriminated against one applicant for employment that was denied hire due to his disability, one employee that was removed from his position based on his disability, and one employee that was terminated in connection with this policy. This determination is final. When the Commission finds that violations have occurred, it attempts to eliminate unlawful practices by informal methods of conciliation …." **Exhibit 1**

13. Defendant refused informal methods of conciliation offered by EEOC.

14. On December 1, 2010, Plaintiff received his right to sue letter from the U.S. Department of Justice, and based thereon, he commenced this action within the 90-day right to sue period. **Exhibit 2.**

## FACTS

3

15. Defendant provides transit services through Palace Transit – a program that is partially funded with federal and state funds as well as City funds.

16. Plaintiff began working for the Defendant's Palace Transit as a Bus Driver in March 2003.

17. During his employment with the Defendant, Plaintiff suffered from diabetes, which constitutes a "disability" as that term is defined by 42 U.S.C. § 12102.

18. Plaintiff was able to perform the essential functions of his job despite his disability.

19. Defendant adopted a policy on January 5, 2009 requiring its Palace Transit drivers to pass the CDL Medical Certification examination that utilizes the Federal Motor Courier Safety Regulations, as well as adopting the South Dakota Department of Transportation drug and alcohol testing requirements.

20. Defendant directed Plaintiff to submit to a "DOT physical" at the Queen of Peace Hospital with Defendant's physician on or about February 2, 2009.

21. On February 3, 2009, Defendant's physician placed Plaintiff on a "medical hold", because "DOT approval pending record review and resolution of personal health condition ...."

22. Defendant's physician stated on or about February 5, 2009 in his Physical Summary Report that "medical contraindications were noted that may interfere with performing the essential functions of the job" and "after review of his medical records from his primary care doctor as well as his cardiologist in addition to his vision examination, [Plaintiff] cannot be certified under the current DOT guidelines."

23. Plaintiff informed Defendant that he wanted to have his personal physician conduct his medical examination.

24. On or about February 16, 2009, Defendant terminated Plaintiff because of his "medical history." At the time of his termination, Plaintiff was 53 years old.

25. There was no legitimate business reason for Defendant's termination of Plaintiff, because Plaintiff had no history of performance or problem areas.

26. Defendant made no efforts to accommodate Plaintiff's disabilities.

27. Defendant failed to participate in any interactive process with Plaintiff.

28. Defendant was aware of Plaintiff's diabetic condition before requiring Plaintiff to submit to Defendant's physician conducting a "DOT physical".

29. Defendant's conduct as described herein constitutes evidence of its discriminatory motivation and intent.

30. Plaintiff has exhausted all administrative remedies in that he has timely filed a Charge of Discrimination with the EEOC and has received a right-to-sue letter.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### FAILURE TO ACCOMMODATE

31. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

32. Plaintiff is a "qualified individual with a disability" as that term is defined by 42 U.S.C. §12111(8) of the ADA, in that he is disabled, regarded as disabled, and/or has a record of disability, and with reasonable accommodation could perform the essential functions of his job.

33. Defendant is an "employer" as that term is defined by the ADA, 42 U.S.C. §12111(5).

34. Plaintiff could have continued to perform the essential functions of his position with or without reasonable accommodation.

35. Defendant failed to have an interactive process with Plaintiff to determine whether reasonable accommodation could be made to enable him to perform his job, as required by regulations implementing the ADA, at 29 CFR § 16.30.2.

36. Defendant failed to make reasonable accommodation to Plaintiff when such accommodation would not have imposed an undue hardship on its operations, which failure constitutes a violation of 42 U.S.C. §12112(a), as further set forth in 42 U.S.C. §12112(b)(5)(A).

37. Plaintiff has suffered financially and emotionally due to the Defendant's conduct.

38. The violations of the ADA by Defendant were intentional, willful, oppressive and in bad faith.

39. The unlawful conduct by Defendant was with malice or reckless indifference to the federally protected rights of the Plaintiff.

**SECOND CAUSE OF ACTION**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**
**DISCHARGE**

40. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

41. Plaintiff was terminated by the Defendant on February 16, 2009 for failing a medical exam that was required by Defendant per policy.

6

42. Plaintiff has suffered financial and emotionally, due to the Defendant's conduct.

43. The violations of the ADA by Defendant were intentional, willful, oppressive and in bad faith.

44. The unlawful conduct by Defendant was with malice or reckless indifference to the federally protected rights of the Plaintiff.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### REQUIRING DRIVERS TO OBTAIN DOT CERTIFICATION

45. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

46. The Department of Transportation Federal Motor Carrier Safety Administration ("DOT") testing mandated by Defendant is inapplicable to Plaintiff whose former driving duties were confined to the City of Mitchell, South Dakota.

47. Defendant required Plaintiff to submit to a DOT physical on or about February 2, 2009.

48. Plaintiff has suffered financial and emotionally, due to the Defendant's conduct.

49. The violations of the ADA by Defendant were intentional, willful, oppressive and in bad faith.

50. The unlawful conduct by Defendant was with malice or reckless indifference to the federally protected rights of the Plaintiff.

### FOURTH CAUSE OF ACTION
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### PROHIBITED MEDICAL EXAM

51. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

52. Defendant required that Plaintiff submit to a medical exam that was not required by federal law.

53. Plaintiff has suffered financial and emotionally, due to the Defendant's conduct.

54. The violations of the ADA by Defendant were intentional, willful, oppressive and in bad faith.

55. The unlawful conduct by Defendant was with malice or reckless indifference to the federally protected rights of the Plaintiff.

### FIFTH CAUSE OF ACTION
### VIOLATION OF THE AGE DICRIMINATION IN EMPLOYMENT ACT
### DISCHARGE

56. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

57. By terminating the Plaintiff, Defendant violated the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA").

58. Plaintiff was within the ADEA's protected class, i.e., he is over 40 years of age, specifically he was 53 years old at the time of his termination.

59. Plaintiff was treated harsher than similarly situated employees and he was replaced by a younger worker.

60. The aforementioned discrimination was done with malice or with reckless disregard for the federally protected rights of the Plaintiff.

61. Plaintiff has suffered financial and emotionally, due to the Defendant's conduct.

## CLAIM FOR RELIEF

62. Defendant intentionally discriminated against Plaintiff in violation of the ADA and the ADEA in that it discharged him because it regarded him as disabled and because he had a record of disability.

63. As a direct and proximate result of said intentional and discriminatory conduct, plaintiff has lost wages and other benefits, his future earning capacity has been substantially impaired; he has suffered emotional distress, humiliation, embarrassment, pain and suffering and loss of enjoyment of life; and he has suffered other non-pecuniary losses, all of which will be proven at the trial of this action.

64. Defendant's discriminatory conduct exhibited a willful and/or reckless indifference to plaintiff's federally protected right to be free from disability discrimination.

**WHEREFORE,** Plaintiff prays that this Court offer judgment in his favor and grant him the maximum relief allowed by law, including but not limited to:

1. Backpay;
2. Reinstatement or front pay in lieu thereof;
3. Damages for lost benefits;
4. Compensatory damages in an amount to be determined at trial;
5. Pre- and post-judgment interest;
6. Damages for emotional distress;
7. Reasonable attorney's fees and costs incurred;

8. Punitive damages;

9. Such other and further relief as the court deems appropriate.

Respectfully Submitted,

January 31, 2011                    STEVEN D. SANDVEN, Law Office

                                    By: _____
                                    STEVEN D. SANDVEN
                                    ATTORNEY FOR PLAINTIFF
                                    300 Building
                                    300 North Dakota Avenue, Suite 106
                                    Sioux Falls SD 57104
                                    Telephone: 605 332-4408
                                    ssandvenlaw@aol.com