UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
AUG 2 2 2012
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| JAMES R. NICHOLS;<br>JOHN F. ROBERTSON; and<br>CURTIS DUMAS,<br><br>  Plaintiffs,<br><br>vs.<br><br>CITY OF MITCHELL,<br><br>  Defendant. | \*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\* | CIV 11-4016<br><br><br><br><br>MEMORANDUM OPINION AND<br>ORDER RE: SUPPLEMENTAL<br>BRIEFING AND SCHEDULING |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

After the Defendant City of Mitchell submitted its motion for summary judgment, the Court allowed it to amend its answers in this consolidated case so as to plead the affirmative defense that the medical examination and Department of Transportation standards applied to each Plaintiff is job related and consistent with business necessity with no reasonable accommodations available, and that Plaintiffs' alleged disabilities posed a direct threat to the health and safety of individuals in the workplace. After the May 14, 2102 pretrial conference the Court allowed additional discovery including the depositions of Plaintiffs' physicians, and allowed supplemental briefing on the motion for summary judgment. After reviewing the submissions, the Court is directing counsel to submit short briefs concerning the following issues by September 5, 2012.

1. The Defendant has maintained that Plaintiffs in challenging the use of the medical examination incorporating Department of Transportation standards must establish that they have a disability. In support of its position Defendant has relied on case law from other circuits as well as the case of *Smith v. City of Des Monies*, 99 F.3d 1466, 1474 (8th Cir. 1996). Doc. 66, p. 9. The Plaintiffs have maintained that a plaintiff challenging a medical examination policy does not need to prove that he or she is a qualified individual with a disability, as defined in 42 U.S.C. § 12111(8). In support of their position Plaintiffs have relied on case law outside of the Eighth Circuit. Doc. 50, p10; Doc. 89, p.2. The Court is questioning whether the rule set forth in *Cossette v. Minnesota Power & Light*, 188

1

F.3d 964, 969 (8th Cir. 1999), *cited in Thomas v. Corwin,* 483 F.3d 516, 527 (8th Cir. 2007), is controlling on the issue of whether Plaintiffs must establish an actual disability in challenging the medical examination in this case, and the Court is directing the parties to brief this issue.

2. Plaintiffs contend that the medical examination incorporating Department of Transportation standards for intrastate drivers in and around the City of Mitchell conflicts with S.D.C.L. § 49-28A-3(3), which provides that intrastate "drivers are exempt from the physical requirements of part 391.41." Defendant has contended that SDCL 49-28A-3(3) "simply provides that the State of South Dakota for state regulations is not mandating the DOT standards for intrastate drivers." Doc. 66, p. 16. The Court observes that S.D.C.L. § 49-28A-3(3) is contained in a chapter of the South Dakota Codified Laws governing hazardous material transportation safety. The Court is directing the parties to brief whether S.D.C.L. § 49-28A-3(3) pertains to all intrastate drivers, particularly in light of the requirements for school bus drivers, which requirements are set forth in S.D.C.L. §§ 32-12A-24 and 32-12A-24.1.

The Court has determined that the schedule should be amended to accommodate the additional briefing requirements. Accordingly,

IT IS ORDERED:

1. That the parties shall submit simultaneous briefs on the issues set forth in this Memorandum Opinion by September 5, 2012.

2. That the jury trial will commence in Sioux Falls, South Dakota, on <u>Monday, November 26, 2012</u>, with counsel to be present for motions in limine at 9:00 A.M., and with the jury to report at 9:30 A.M.

Dated this 22nd day of August, 2012.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: /s/
　　　DEPUTY