

FILED
SEP 18 2012

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| JAMES R. NICHOLS; | \* | CIV 11-4016 |
| JOHN F. ROBERTSON; and | \* | |
| CURTIS DUMAS, | \* | |
| | \* | |
| Plaintiffs, | \* | |
| | \* | MEMORANDUM OPINION AND |
| vs. | \* | NOTICE UNDER RULE 56(f) |
| | \* | |
| CITY OF MITCHELL, | \* | |
| | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

After the Court allowed Defendant to amend its answers, allowed additional discovery and allowed supplemental briefing on the Defendant's motion for summary judgment, the Court requested short briefs concerning whether Plaintiffs must establish an actual disability in challenging their medical examination and whether S.D.C.L. § 49-28A-3(3) pertains to all intrastate drivers in South Dakota. After reviewing the briefs, the Court is directing counsel to be prepared to discuss at the September 24, 2012, pretrial hearing whether there are genuine issues of material fact on the issue of whether the DOT examination required by Defendant was broader or more intrusive than necessary.

42 U.S.C. § 12112(d)(4)(A) provides:

> A covered entity shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity.

In interpreting the above statute, the Eighth Circuit has opined: "To demonstrate compliance with § 12112(d)(4)(A), the employer bears the burden to show the asserted "business necessity" is vital to the business and the request for a medical examination or inquiry is no broader or more intrusive than necessary." *Thomas v. Corwin*, 483 F.3d 516, 527 (8th Cir. 2007). Defendant, in its supplemental brief has argued that "[t]he examination or inquiry need not be the only way to achieve a business necessity, but it must be a reasonably effective method to achieve the employer's goals."

Defendant's supplemental brief (Doc. 93)(citing *Thomas v. Corwin*, 483 F.3d at 527). Defendant further argues that there are no genuine issues of material fact on the question of job-relatedness or business necessity of its examination because it, like the defendant in *Smith v. City of Des Moines*, 99 F.3d 1466 (8th Cir.1996), adopted an examination standard based upon medical studies and literature with the purpose of ensuring public safety. The Defendant in *Smith v. City of Des Moines*, however, did not employ a physical examination that was arguably preempted by state law.

Defendant in its supplemental brief concedes that S.D.C.L.§ 49-28A-3(3), which exempts intrastate drivers from the physical requirements of part 391.41, is not restricted to the transportation of hazardous materials. Doc. 93, p. 7. Defendant maintains, however, that the state has not occupied the field, so that the City's ordinance, which applies the DOT standards to intrastate drivers, does not conflict with the state law. The Court is concerned whether there is implied preemption on the issue of not requiring DOT physical requirements to intrastate drivers. *See Law v. City of Sioux Falls*, 804 N.W.2d 428 (S.D. 2011); *State v. City of Colman*, 790 N.W.2d 491 (S.D. 2010). If the issue of whether to apply DOT standards to intrastate drivers is preempted by state law, and Defendant is thus prohibited from requiring a physical examination which is based on DOT standards, it would appear that there would be no genuine issue of fact as to whether the "medical examination or inquiry is no broader or more intrusive than necessary." *Thomas v. Corwin*, 483 F.3d at 527. If this were the case, Plaintiffs would be entitled to summary judgment on liability for the violation of 42 U.S.C. § 12112(d)(4)(A). Accordingly, the Court is giving notice pursuant to Fed. R. Civ. P. 56(f) that it is considering granting summary judgment to the nonmoving Plaintiffs on this liability issue and that the parties should be prepared to discuss the issue at the September 24, 2012, pretrial conference.

Dated this \_\_\_ day of September, 2012.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY:_____
 DEPUTY

2